|  |  |
|---|---|
| Lisa England, | : |
|  | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
|  | : |
| Central Credit Services, Inc.; | : **COMPLAINT** |
|  | : **JURY TRIAL DEMANDED** |
|  | : |
| Defendant. | : |
|  | : |

For this Complaint, the Plaintiff, Lisa England, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq., by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    The Plaintiff, Lisa England (herein, "Plaintiff"), is an adult individual residing in Rockingham, NC, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Central Credit Services, Inc. (herein, "Central"), is a Florida business entity with an address of 9550 Regency Square Blvd, Suite 602 Jacksonville, Florida 32225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Central at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.     The Plaintiff's daughter incurred a financial obligation.

8.     The Debt arose from services provided by a Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.     The Debt was purchased, assigned or transferred to Central for collection, or Central was employed by the Creditor to collect the Debt.

10.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Central Engages in Harassment and Abusive Tactics

11.     Central called the Plaintiff in search of her daughter about her daughter's debt.

12.     Plaintiff informed Central that her daughter did not reside at the residence.

13.     Despite being informed that her daughter did not reside at the residence, Central continued to call Plaintiff on numerous occasions.

14.     Central called the Plaintiff after 11:00 p.m. on one occasion.

2

15.     Central called Plaintiff on numerous times in the same day and was told her daughter did not live at the residence.

16.     Central repeated this pattern of behavior, multiple calls in the same day for several weeks.

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     The Plaintiff suffered and continues to suffer from anger, anxiety emotional distress, and frustration.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

3

24. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

25. The Defendants are a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

26. The Defendants' conduct violated N.C. Gen.Stat. § 75-52 in that Defendants used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the debt.

27. The Defendants' conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendants caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

4

32.     The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

33.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1; and

5. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 10, 2011

Respectfully submitted,

By __/s/ Stacie Watson

Stacie Watson, Esq.
Law Office of Stacie Watson.

5

P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile:  (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff


Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666

6